## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THERESA COLLINS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.:** |
| | : | |
| **vs.** | : | |
| | : | |
| **APPLEGREEN CT TRAVEL** | : | |
| **PLAZAS, LLC,** | : | |
| | : | |
| **Defendant.** | : | **July 16, 2024** |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Theresa Collins, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1.      At all times material, plaintiff, Theresa Collins, was and is a citizen of the State of Connecticut.

2.      At all times material, defendant, Applegreen CT Travel Plazas, LLC, was and is a Delaware limited liability company with a principal place of business located at 279 Cedarcrest Drive, Lexington, South Carolina 29072.

3.      Defendant employs fifteen (15) or more employees.

4.      At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      At all times material, defendant was an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.      At all times material, plaintiff was an employee within the meaning of

Connecticut's Fair Employment Practices Act.

    7.    At all times material, defendant was an employer within the meaning of Connecticut's Fair Employment Practices Act.

## JURISDICTION AND VENUE

    8.    The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

    9.    This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

    10.    This Court has supplemental jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

    11.    Defendant operates a service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

    12.    A Dunkin Donuts store operates at defendant's service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

    13.    A Mobil Mart operates at defendant's service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

    14.    Defendant hired plaintiff on or about April 6, 2022.

    15.    Plaintiff's job position was Associate. She worked for the defendant at the Dunkin Donuts at 395 Northbound Plainfield, Connecticut 06374

    16.    Plaintiff was qualified for the job.

    17.    Plaintiff is female.

    18.    Plaintiff was subjected to a hostile work environment.

19.    For five (5) months, plaintiff was subjected to abuse and harassment on account of her gender.

20.    The harasser was David Dixon.

21.    David Dixon was the manager of the Mobil Mart.  The Dunkin Donuts was inside the same building as Mobil Mart.

22.    Dixon subjected plaintiff to the following abusive behavior: inappropriate touching; throwing of objects; calling her a f-cking scumbag; threatening to physically hurt her; telling a co-worker that he was going to wait by her car and beat her ass; loudly making rude and insulting comments.

23.    Plaintiff complained about the harassment.

24.    Plaintiff informed her manager of the harassment.

25.    Plaintiff informed her district manager of the harassment.

26.    Plaintiff notified the owner of Mobil Mart of the harassment.

27.    Plaintiff  notified the owner of the Plaza of the harassment.

28.    Nothing was done and the harassment continued.

29.    Defendant terminated plaintiff's employment on or about September 30, 2022.

30.    Defendant told plaintiff that she was terminated because her deposit was $100 short.

31.    Plaintiff 's drawer had never been short.

32.    Other similarly situated employees had discrepancies in their drawers and deposits and were not terminated.

33.    Another similarly situated employee was a repeated no call-no show and was not terminated.

34.     Any and all reasons to be proffered by the defendant to explain the termination decision would be a pretext to cover up unlawful discrimination and/or retaliation.

35.     On or about March 28, 2023, plaintiff filed a complaint against the defendant with the Equal Employment Opportunities Commission (EEOC).

36.     On or about March 28, 2023, plaintiff filed a complaint against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

37.     Plaintiff received a right to sue letter from the EEOC on or about May 3, 2024. (Exhibit 1).

38.     Plaintiff received a release of jurisdiction from the CHRO on or about April 19, 2024. (Exhibit 2).

**FIRST COUNT** – **Sex Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.**

1.     Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

39.     The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sex harassment within the meaning of Title VII of the Civil Rights Act of 1964.

40.     Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

41.     The harassment was motivated, at least in part, on account of plaintiff's gender.

42.     The sex harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

43.     As a result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

**SECOND COUNT – Retaliation in Violation of Title VII**

1.      Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

44.     Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a.      In that defendant retaliated against the plaintiff for reporting and opposing sex harassment in the workplace;

45.     As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

46.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

47.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**THIRD COUNT – Gender Discrimination in Violation of Title VII**

1.      Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

48.     Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a.      In that defendant discriminated against the plaintiff on account of her gender.

49.     As a result of defendant's discrimination, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

50.    As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

51.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**FOURTH COUNT – Gender Discrimination in Violation of C.G.S. §46a-60(b)(1)**

1.    Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

52.    Defendant, by and through its agents and/or employees, violated the CFEPA in one or more of the following ways:

a.    In that defendant discriminated against the plaintiff on the basis of her gender.

53.    As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

54.    As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

55.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's discriminatory acts.

**FIFTH COUNT – Retaliation in Violation of C.G.S. §46a-60(b)(4)**

1.    Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

56.    Defendant, by and through its agents and/or employees, violated the CFEPA when it retaliated against plaintiff for reporting sex harassment and discrimination.

57.    As a result of defendant's retaliation, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

58.    As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

59.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**SIXTH COUNT – Sex Harassment in Violation of CFEPA – C.G.S. Sec. 46a-60(b)(8)**

1.    Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

60.    The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sex harassment within the meaning of the CFEPA.

61.    Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

62.    The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

63.    As a result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory

damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement

benefits, emotional distress; reasonable attorneys' fees; costs; interest; job reinstatement;

prejudgment interest; Title VII punitive damages; CFEPA punitive damages; for an injunction

requiring the removal of any and all adverse information contained in plaintiff's personnel file;

for a trial by jury; and for all other just and proper relief.


DATE:  July 16, 2024

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com


ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/03/2024

To: Theresa Collins
76 Gorman Rd., Apt. #12
Brooklyn, CT 06234

Charge No: 16A-2023-00961

EEOC Representative and email:     MARIANNE MONTLER
Supervisory Investigator
Marianne.Montler@EEOC.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
05/03/2024
Yaw Gyebi, Jr.
District Director

Cc:

Applegreen USA Central Services, Inc.
c/o John Stretton
Ogletree, Deakins, Nash, Smoak & Stewart PC
Two Stamford Plaza, 281 Tresser Blvd., Ste 602
Stamford, CT 06901

James Sabatini,
Sabatini & Associates
One Market Square
Newington, CT 06111


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16A-2023-00961 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2023-00961 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT 2

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

<u>**Theresa Collins**</u>
**COMPLAINANT**

CHRO No. 2340327
vs.                                                                          EEOC No. 16A202300961

<u>**Applegreen CT Travels Plazas, LLC.**</u>
**RESPONDENT**

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at <u>ROJ@ct.gov</u> or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

*Tanya A. Hughes*

**DATE:**  <u>April 19, 2024</u>                                  Tanya A. Hughes, Executive Director

cc:
Complainant's Attorney: James Sabatini, Esq.
            Matthew Bertolino, Esq.
            jsabatini@sabatinilaw.com
            mbertolino@sabatinilaw.com

Respondent's Atty.:      John Stretton, Esq.
            Andres Jimenez-Franck, Esq.
            John.stretton@ogletreedeakins.com
            Andres.jimenez-franck@ogletreedeakins.com