UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THERESA COLLINS,** | : | |
| | : | Case No. 3:24-cv-01203-AWT |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **APPLEGREEN CT TRAVEL** | : | |
| **PLAZAS, LLC,** | : | |
| **Defendant.** | : | September 26, 2024 |

## APPLEGREEN CT TRAVEL PLAZAS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Applegreen CT Travel Plazas, LLC (hereinafter "Applegreen" or "Defendant") hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Theresa Collins' ("Plaintiff") Complaint.

## PRELIMINARY STATEMENT

This is a civil action arising out of Plaintiff's employment with Applegreen, which lasted just over five (5) months. Plaintiff asserts claims of sex harassment, in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq.* ("Title VII") and *Conn. Gen. Stat.* 46a-60(b)(8), retaliation in violation of Title VII and *Conn. Gen. Stat.* §46a-60(b)(4), and gender (female) discrimination in violation of Title VII and *Conn. Gen. Stat.* § 46a-60(b)(1). [Dkt. No. 1.]

The allegations of the Complaint do not concern conduct by an employee of Applegreen, but of a non-employee whose employer happened to share the same property as Applegreen. Moreover, this non-employee's alleged conduct amounts to nothing more than rude behavior. Plaintiff has not set forth a single factual allegation that a reasonable fact finder could rely on to conclude that the alleged conduct was directed at Plaintiff because of her gender. Finally, Plaintiff fails to connect the non-employee's conduct, and her alleged reporting thereof, to her termination

from Applegreen so as to sufficiently raise a claim of retaliation. Plaintiff admits that she was informed that she was terminated due to her cash register being $100 short, which is a legitimate, non-discriminatory, and non-retaliatory reason for termination. She cannot point to a single similarly situated male employee who was not terminated for substantially similar conduct.

Even taking all of Plaintiff's allegations as true, Plaintiff fails to state a claim upon which relief can be granted with respect to all six (6) counts in her Complaint. As such, the Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

### I.  Factual Allegations

Plaintiff, a female, alleged that she began her employment with Applegreen as an Associate for its Dunkin Donuts store on April 6, 2022[1]. [Dkt. No. 1 at ¶¶ 14-15]. She states that Applegreen operates a service/travel plaza[2] located at Route 395 Northbound in Plainfield, Connecticut 06374, and that both a Dunkin' Donuts and a Mobil Mart are located at the service/travel plaza. *Id.* at ¶¶ 11-13.

Plaintiff alleges David Dixon, the manager of the Mobil Mart, engaged in the following behavior: "inappropriate touching; throwing of objects; calling her a f-cking scumbag; threatening to physically hurt her; telling a co-worker that he was going to wait by her car and beat her ass; loudly making rude and insulting comments." *Id.* at ¶ 22. Mr. Dixon is not an employee of Applegreen. There are no other factual allegations describing Mr. Dixon's behavior, nor does Plaintiff allege conduct that would lead to the conclusion that Mr. Dixon's actions were because

---

[1] Plaintiff was hired for the position of Retail Sales Associate.

[2] Applegreen does not operate the service plaza. It only operates the Dunkin' Donuts. Plaintiff herself acknowledges that Applegreen did not own the plaza. *See id.* at ¶ 27. Notwithstanding this factual inaccuracy, this Motion to Dismiss should be granted as there is no allegation that Applegreen also operates the Mobile Mart.

of Plaintiff's gender. Plaintiff claims that she informed her manager, her district manager, the owner of the Mobil Mart, and the owner of the Plaza of Mr. Dixon's alleged harassment but does not state when she did so. *Id.* at ¶¶ 24-27. She does not allege the manner in which she reported the harassment, the dates she allegedly reported the harassment, or the details of her alleged report(s). Plaintiff claims that, following her reports, nothing was done to address Mr. Dixon's behavior. *Id.* at ¶ 28.

Plaintiff alleges that she was terminated on or about September 30, 2022, after it was determined that the drawer of her cash register was $100 short. *Id.* at ¶¶ 29-30. She claims that her drawer had never been short. *Id.* at ¶ 31. Without identifying their names, titles, or ages, or explaining how they were similarly situated, Plaintiff alleges that other similarly situated employees had "discrepancies" in their drawers and were not terminated. *Id.* at ¶ 32. Plaintiff also references a purported "similarly situated" employee who was a repeated no-call no-show, but again does not identify them by name, title, age, or explain how this employee's conduct was similar to Plaintiff's. *Id.* at ¶ 33. Plaintiff alleges that her termination was a pretext for gender discrimination and retaliation for reporting Mr. Dixon's harassment. *Id.* at ¶ 34.

## LEGAL STANDARD ON MOTION TO DISMISS

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of

truth. *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must offer more than "labels and conclusions." *Twombly*, 550 U.S. at 555-57.

## LAW AND ARGUMENT

**I.   Counts One and Six alleging sex harassment in violation of Title VII and CFEPA should be dismissed for failure to state a claim.**

To establish a hostile work environment claim under Title VII and CFEPA[3], plaintiffs must aver sufficient factual alleges to demonstrate: "1) they were subject to harassment because of their membership in a protected class; 2) the harassment was so severe or pervasive as to alter the conditions of their employment; and 3) there is a specific basis for imputing the harassment to the defendant." *Gress v. DeJoy*, 2024 WL 1072730, at *4 (D. Conn. Mar. 12, 2024) (quoting *Deprey v. FedEx Freight, Inc.*, 3:18-cv-102(MPS), 2020 WL 1702335, at *5 (D. Conn. April. 8, 2020. At the pleadings stage, Plaintiff must "plead facts sufficient to support the conclusion that she was faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse, and that she subjectively perceived the environment to be hostile." *Id.* (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

"The *sine qua non* of a gender-based discriminatory action claim under Title VII is that the discrimination must be because of sex." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs *because* of an employee's sex, or other characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis added).

---

[3] Title VII and CFEPA hostile work environment claims are analyzed in the same manner. *See Martin v. Town of Westport*, 558 F.Supp. 2d 228, 242 (D. Conn. 2008) ("As with CFEPA discrimination claims, Connecticut courts look to federal guidance when analyzing CFEPA hostile work environment claims.")

The "harassing" conduct Plaintiff complains of is attributed to David Dixon, a non-employee. Mr. Dixon is a manager at Mobil Mart, which shares the premises where Plaintiff was employed. [Dkt. No. 1 at ¶¶ 13, 21]. Mr. Dixon is not employed by Defendant. She alleges that Mr. Dixon subjected her to the following behavior: "inappropriate touching; throwing of objects; calling her a f-cking scumbag; threatening to physically hurt her; telling a co-worker that he was going to wait by her car and beat her ass; loudly making rude and insulting comments." [Dkt. No. 1 at ¶ 22]. Plaintiff does not explain why she believed that Mr. Dixon's behavior was motivated by gender, nor does the Complaint include factual allegations that would lead a reasonable fact finder to conclude that Mr. Dixon's behavior was motivated by gender. There are no allegations explaining what is meant by "inappropriate touching" or "insulting comments," for instance. On its face, the alleged behavior could easily be directed towards individuals of any gender. While the behavior described can certainly be described as rude, there is no logical connection between Mr. Dixon's conduct and discriminatory animus – a necessary connection for purposes of establishing a viable hostile work environment claim. *See Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (behavior that is "harsh, unjust, and rude" does not rise to the level of a hostile work environment where there is no indication that such behavior is linked or correlated to the claimed ground of discrimination.); *Brennan v. Metro Opera Ass'n*, 192 F.3d 310, 218 (2d Cir. 1999) (a plaintiff must "demonstrate that she was subjected to the hostility because of her membership in a protected class.").

It bears repeating that that conduct alleged was perpetrated by a non-employee. "Where the alleged harassers in a hostile work environment claim are non-employees, an employer will be held liable only for its own negligence, and the plaintiff must demonstrate that the employer failed to provide a reasonable avenue for the complaint or that it knew, or in the exercise of reasonable

care should have known, about the harassment yet failed to take appropriate remedial action." *Ball v. Marriot International, Inc.*, 627 F.Supp.3d 296, 317-18 (S.D.N.Y. 2022) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013). "In determining the appropriateness of an employer's response, we look to whether the response was immediate or timely and appropriate in light of the circumstances, particularly the level of control and legal responsibility the employer has with respect to" the non-employee's behavior. *Summa*, 708 F.3d at 124. The Second Circuit has interpreted its decision in *Summa* to provide that "the conduct of certain non-employees may be imputed to the employer where (1) the employer exercises a high degree of control over the behavior of the non-employee, and (2) the employer's own negligence permits or facilitates that non-employee's discrimination." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 39 (2d Cir. 2019) (internal quotations omitted).

Here, Plaintiff alleges that she informed her manager and district manager of the alleged harassment. [Dkt. No. 1, ¶¶ 24-25]. She does not specifically plead when she reported the alleged harassment or the substance of her complaint to her managers. Critically, Plaintiff does not allege that she reported that she was being sexually harassed or otherwise harassed on the basis of her gender. The allegedly harassing comments made to her are gender neutral on their face, and do not suggest that they were made towards Plaintiff because of any of her protected classes. [Dkt. No. 1 at ¶ 22]. Moreover, Plaintiff does not allege that Applegreen was negligent in its handling of her report, nor could it be given the gender-neutral type conduct alleged. She merely pleads that "nothing was done." [Dkt. No. 1 at ¶ 28]. She does not allege that Applegreen "did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed" so as to show Applegreen's

6

negligence. *Vance v. Ball State Univ.*, 570 U.S. 421, 449 (2013). In the absence of such allegations, Plaintiff's Complaint is fatally deficient.

Plaintiff cannot make out a claim of sexual harassment under the CFEPA or Title VII. Accordingly, Counts One and Six of the Complaint should be dismissed.

## II. Plaintiff Cannot Plausibly Tie Her Termination to Gender Discrimination.

Counts Three and Four of the Complaint allege that Applegreen discriminated against Plaintiff on the basis of her gender, in violation of the CFEPA and Title VII. In order to state a claim of gender discrimination under Title VII or the CFEPA, a plaintiff must plausibly allege that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) her employer took adverse action against her; and (4) her sex was a motivating factor in the employment decision.[4] *See Rajsekhar v. Envtl. Data Res., Inc.*, No. 3:20-cv-00576 (VAB), 2020 WL 6828944, at *5 (D. Conn. July 27, 2020). "At the pleadings stage, a plaintiff must allege sufficient facts that directly show discrimination or indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* (internal quotations omitted). "To fall under the ambits of Tile VII and CFEPA, therefore, the offending conduct must have occurred because of [plaintiff's protected class]." *Sawka v. ADP, Inc.*, No 3:13-cv-754 (VAB), 2015 WL 5708571, at *10 (D. Conn. Sept. 29, 2015).

### a. Plaintiff Fails to Connect Her Termination to a Discriminatory Motive.

Plaintiff's Counts Three and Four fail to establish the elements required to state a claim of disparate treatment, as Plaintiff fails to allege factual allegations that directly evidence discrimination or are capable of establishing a plausible inference of discrimination based on her gender.

---

[4] "CFEPA claims are analyzed in the same manner as Title VII employment discrimination claims." *Vasquez v. Claire's Accessories, Inc.*, 392 F. Supp.2d 342, 349 (D. Conn. 2005).

Plaintiff alleges that she was terminated on September 30, 2022 because her deposit was $100 short. [Dkt. No. 1 at ¶ 30]. Plaintiff fails to allege facts that directly evidence discrimination or are capable of establishing a plausible inference of discrimination based on her gender. There are no comments, and no comparators of the opposite sex identified, that would suggest Defendant's decision to terminate Plaintiff was motivated by discriminatory animus. At most, she makes the conclusory statement that "[a]ny and all reasons to be proffered by the defendant to explain the termination would be a pretext to cover up unlawful discrimination and/or retaliation." [Dkt. No. 1 at ¶ 34]. This statement does not equate with the factual allegations. Although Plaintiff may believe that it was unfair to be terminated due to her cash register being short $100, she does not allege any facts to suggest that Applegreen's justification for terminating her was a pretext, or that Applegreen was in fact motivated by discriminatory animus. *See McLean v. WE Transport*, No. 3:22-cv-00437(SRU), 2023 WL 5177912, at *4 (D. Conn. Aug. 10, 2023) (granting motion to dismiss complaint when plaintiff failed to connect his termination to any discriminatory motive). There are no allegations that anyone from Applegreen made any comments to her implicating her gender. Plaintiff's allegation of discrimination is nothing more than speculation and cannot form the basis of her gender discrimination claim. *See Kerim-Seidou v. Hosp. of St. Raphael*, 2012 WL 6628886, at *5 (D. Conn. Dec. 19, 2012) ("Plaintiff must point to more than his subjective belief he was discriminated against, and an inference of discrimination cannot be drawn from thin air.").

  b. *Plaintiff Does Not Sufficiently Identify Her Purported Comparators to Survive a Motion to Dismiss.*

"Where a plaintiff tries to establish a prima facie case by pointing to more favorable treatment of other employees, as is the case here, those employees must have a situation sufficiently similar to [the] plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *McLean*, No. 3:22-cv-00437(SRU), 2023 WL

8

5177912 at *4 (D. Conn. Aug. 10, 2023). Plaintiff has not identified even a single "similarly situated" male employee as an appropriate comparator in support of her disparate treatment gender discrimination claim. *See Henry v. NYC Health & Hosp. Corp.*, 18 F.Supp.3d 396, 409 (S.D.N.Y. 2014) (dismissing a gender based discrimination claim because "the Amended Complaint fails to identify, let alone describe, any purported comparator."); *Hughes v. Xerox Corp.*, 37 F.Supp.3d 629, 644 (W.D.N.Y.) (dismissing female plaintiff's gender-based discrimination claim where she did not identify the alleged "similarly-situated males" by position or name, nor offer any supporting facts for her allegation of disparate treatment.).

Here, Plaintiff vaguely states that "other similarly situated employees had discrepancies in their drawers and deposits and were not terminated," and that "[a]nother similarly situated employee was a repeated no call-no show and was not terminated." [Dkt. No. 1, at ¶¶ 32-33]. As an initial matter, the reference to the employee who was a "repeated no call-no show" should be disregarded, as it is clearly not a situation similar to Plaintiff's. Plaintiff alleges that she was terminated due to her register being short $100, not because she was a no-call no-show at work. The circumstances are not sufficiently similarly to establish an inference of discrimination. *See Stinnett v. Delta Air Lines, Inc.*, 803 F3d.Appx. 505 (2d Cir. 2020) ("A plaintiff relying on comparator evidence to allege gender discrimination under Title VII … must plead that she was similarly situated *in all material respects* to the individuals with whom she seeks to compare herself.") (emphasis added); *Aiello v. Stamford Hosp.*, 2011 WL 3439459, at *15 (D. Conn. Aug. 8, 2011) (to establish discrimination through disparate treatment, a plaintiff must show that "other similarly situated individuals were not disciplined or terminated when they engaged in similar conduct."). Moreover, the Complaint fails to identify who these purported similarly situated employees are, their positions, and the circumstances under which the alleged "discrepancies"

9

occurred. Indeed, Plaintiff does not even state whether these purported comparators are male or female, fatally undermining her claim that she was treated differently on the basis of being female. Without specifically identifying who she was treated differently than, Applegreen and this Court are left to guess at how Plaintiff's termination was discriminatory. Even accepting these allegations as true and drawing all reasonable inferences in her favor, there is simply no basis from which to infer that Applegreen's termination of Plaintiff was motivated by her gender. *See Henry v. NYC Health & Hosp. Corp.*, 18 F.Supp.3d 396, 409-10 (S.D.N.Y. 2014).

Simply stated, Plaintiff has failed to establish even the slightest inference of discriminatory animus towards her. Her failure to plead any connection between her gender and termination, as well as her failure to identify proper comparators, is fatal to her claims of gender discrimination, warranting dismissal of Counts Three and Four.

### III. Plaintiff Does Not Sufficiently Plead Claims of Retaliation.

Plaintiff's retaliation claims likewise fail. To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that: "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

In order to be deemed a protected activity, Plaintiff must hold a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *See Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances. *See id.* at 14-15. But "[a] plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form." *Id.* at 15. Plaintiff does

not allege a good faith, reasonable belief here, and she makes no allegations that she opposed a discriminatory *employment practice* of the Defendant. Plaintiff allegedly reported conduct of a non-employee, David Dixon, which does not constitute protected activity for purposes of a Title VII retaliation claim. *See Small v. New York City Department of Education*, 650 F.Supp.3d 89, 103 (S.D.N.Y. 2023) ("Because Small only complained about the discriminatory conduct of his student – a child, not his employer – Small could not reasonably believe that he was opposing an unlawful *employment practice*."). Moreover, there is no good faith, reasonable basis to conclude that this rude conduct violated Title VII, as the conduct is gender-neutral on its face. There is nothing in the Complaint to suggest that any of the conduct was done because of her status as a female. She therefore cannot satisfy the first prong of her *prima facie* case, despite the minimal pleading requirements necessary to survive a motion to dismiss.

With respect to causation, "a plaintiff must plausibly plead a connection between the [adverse] act and his engagement in protected activity." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). The plaintiff must plausibly allege that the retaliation was the "but-for" cause of the employer's adverse employment action, and not just a substantial or motivating factor in the decision. *See Baluch v. 300 West 22 Realty, LLC*, 2023 WL 112547, at *6 (S.D.N.Y. Jan. 5, 2023).

"It is true that where a plaintiff relies exclusively on timing to plead causation, the temporal proximity between the protected activity and adverse employment action must be very close." *Baluch*, 2023 WL 112547 at *7 (internal citations omitted) (quoting *Vale v. Great Neck Water Pollution Control Dist.*, 80 F.Supp.3d 426, 441 (E.D.N.Y. 2015). Indeed, district courts within the Second Circuit have held that "the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *Id.*

Here, Plaintiff fails to plead any connection between her alleged reporting of Mr. Dixon's conduct to Defendant and her termination. She simply alleges that following her report to Defendant, "nothing was done and the harassment continued." [Dkt. No. 1 at ¶ 28]. She does not allege that Defendant made any comments towards her that would suggest she would be treated differently for reporting Mr. Dixon's conduct, and states in a conclusory fashion that her termination must have been in retaliation for reporting Mr. Dixon. "A pleading that offers 'labels and conclusions' or a formulaic recitations of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 678. Plaintiff has not pled the existence of any direct or evidence that would suggest Defendant retaliated against her for reporting her alleged harassment.

Because Plaintiff has failed to plead any direct evidence of retaliation, she must rely on indirect evidence of retaliatory animus. *Baluch*, 2023 WL 112547 at *6. Critically, while she does allege that Mr. Dixon's alleged harassment occurred over the span of five (5) months, she does not plead the date(s) upon which she reported the harassment to Defendant. The only dates referenced in her complaint are her date of hire and her termination date. [Dkt. No. 1 at ¶¶ 14, 29]. She does not sufficiently plead temporal proximity from her opposition to a hostile work environment and her termination, as there is nothing to suggest that her termination occurred shortly after her alleged report. *See Vale v. Great Neck Water Pollution Control Dist.*, 80 F.Supp. at 441.

Even under the most liberal construction of her Complaint, Plaintiff has failed to sufficiently plead a claim for retaliation under either Title VII or the CFEPA. Counts Two and Five of the Complaint must therefore be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, Applegreen respectfully requests that this Court grant its Motion to Dismiss in full.

**DEFENDANT,
APPLEGREEN CT
TRAVEL PLAZAS, LLC**

By:/s/ *Michael S. O'Malley*
John G. Stretton, Esq. (ct19902)
Michael S. O'Malley, Esq. (ct31784)
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Telephone: (203) 969-3100
Facsimile: (203) 969-3150
John.stretton@ogletree.com
Michael.o'malley@ogletree.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF systems were sent copies by regular U.S. mail on this 26th day of September 2024.

*/s/ Michael S. O'Malley*
Michael S. O'Malley

63842908.v4-OGLETREE