IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA COLLINS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>APPLEGREEN CT TRAVEL PLAZAS, LLC<br><br>　　　　　　　　Defendant. | Case No. 3:24-cv-01203<br><br><br><br>December 9, 2024 |

**DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Applegreen CT Travel Plazas, LLC ("Defendant") hereby submits this Memorandum of Law in Reply to Plaintiff Theresa Collins' ("Plaintiff") Memorandum in Opposition ("Opposition") to Defendant's Motion to Dismiss. *See* Doc. 19. Plaintiff's Opposition fails to salvage the numerous deficiencies plaguing the Complaint. Dismissal of the Complaint in its entirety is warranted.

**I.　　Plaintiff's Opposition Is Untimely and Should Not be Considered.**

"Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." *See* Local Rule of Civil Procedure 7(a)(2); *see also Arciuolo v. Tomtec Inc.*, No. 3:14-cv-00624(JAM), 2015 WL 6384598, at *4 (D. Conn. Oct. 22, 2015) (granting motion to dismiss where opposition to motion was not timely filed). Plaintiff filed the Complaint on July 16, 2024. *See* Doc. 1. On September 26, 2024, Defendant timely filed a Motion to Dismiss. *See* Doc. 18. On October 10, 2024, Plaintiff timely filed a Motion for Extension of Time to extend the deadline to file her opposition to Defendant's Motion to Dismiss to November 19, 2024. *See* Doc. 20. The Court granted Plaintiff's motion on October 11, 2024. *See* Doc. 11.

Plaintiff's Opposition was not filed until November 25, 2024, five (5) days after the deadline to do so. *See* Doc. 19. In fact, the Opposition was only filed after the Court contacted the Parties to inquire into the status of the matter. Prior to the filing deadline, counsel for Plaintiff did not reach out to the defense counsel to request an additional extension, nor has Plaintiff sought an extension of time *nunc pro tunc* after failing to meet the filing deadline.

The Local Rules require that requests for extension of time be made no later than three (3) days prior to the filing deadline. *See* L. R. Civ. Pro. 7(b)(3). As such, Plaintiff's counsel attempts to excuse the untimeliness of the Opposition by stating that he was picking a jury in a different matter on November 19 and 20, 2024, is nothing but a red herring as the deadline to file the Opposition was November 19, 2024. In other words, Plaintiff should have sought an extension by November 15, 2024 – three days prior. Sheer oversight is not *excusable* neglect. *See Hartford Steam Boiler Inspection and Ins. Co. v. Southeastern Refractories, Inc.*, 212 F.R.D. 62, 66 (D. Conn. 2003) (denying motion for reconsideration on order granting motion to dismiss based on plaintiff counsel's failure to oppose motion despite requesting two extensions of time to do so.).

Accordingly, it is respectfully submitted that the Court should grant Defendant's Motion to Dismiss in its entirety due to Plaintiff's failure to timely file her Opposition.

**II.     Plaintiff's Conclusory Allegations are Insufficient to Assert Viable Claims Upon Which Relief Can Be Granted.**

It is axiomatic that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Opposition, rather than acknowledge the conclusory nature of the allegations of her Complaint, attempts to distract from the threadbare and conclusory nature of her Complaint by reciting caselaw to establish points that are not in dispute. In short, Plaintiff's

Opposition fails to establish viable causes of action against Defendant on account of the facially neutral conduct by Mr. Dixon, a non-employee, directed against Plaintiff.

a. <u>Counts One and Six Cannot Plausibly Establish a Claim for Sexual Harassment</u>

Plaintiff concedes that for a hostile work environment claim to be actionable, "the abusive conduct [must be] motivated, at least in part, by her sex." *See* Opposition at p. 8. Conduct that is merely rude or abusive is insufficient to establish a hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (behavior that is "hard, unjust, and rude" does not rise to the level of a hostile work environment where there is no indication that such behavior is linked or correlated to the claimed ground of discrimination).

It is insufficient to simply allege that the conduct was abusive. Plaintiff must aver factual allegations linking the alleged abusive conduct to her gender. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("It is axiomatic that mistreatment at work … through subjection to a hostile environment … is actionable … only when it occurs because of an employee's sex, or other protected characteristic."); *Brennan v. Metro Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."). Moreover, it is insufficient to simply allege that Plaintiff is female, and Mr. Dixon (the non-employee) is male, and thus the actions must be motivated by gender. *See* Opposition at p. 10; *see also Henry v. NYC Health & Hosp. Corp.*, 18 F.Supp.3d 396, 410 (S.D.N.Y. 2014) ("Henry's mere subjective belief that she was discriminated against because of her gender does not sustain a gender discrimination claim.") (internal quotations omitted). The Complaint "alleges no facts rendering plausible the allegation that [Mr. Dixon's] comments, however insensitive, were *about gender*." *Id.* The Motion to Dismiss should be granted because it

is insufficient to simply claim that the behavior was "abusive," and that Mr. Dixon (the non-employee) is male.

Plaintiff's string citation discussing the "totality of the circumstances" review to determine whether facially neutral incidents can be considered as part of a hostile work environment claim is misplaced. As she concedes:

> "[f]acially neutral incidents may [also] be included … among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex. But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory."

*Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002). The issue here, however, is that <u>none</u> of the remarks or behaviors alleged by Plaintiff are overtly sexual in nature. They are all facially neutral.[1]

Nor has Plaintiff averred facts that would have put Defendant on notice of a sexually harassing environment given that the conduct complained of was not overtly sexual in nature. It is insufficient to merely allege that the conduct was reported – the report must describe conduct that was overtly sexual in nature. *See Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) ("[T]he kinds of workplace conduct that may be actionable under Title VII … include unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.") (internal citations omitted).

Finally, while Plaintiff is correct that "magic words" are not required to plead a sexual harassment claim, Plaintiff ignores the most important portion of the argument – that the conduct

---

[1] Plaintiff's reliance on *Quick v. Donaldson Co.*, 90 F.3d 1372, 1378 (8th Cir. 1996) in arguing that "verbal abuse, violence, or physical aggression may constitute sexual harassment and that such abuse need to be explicitly sexual in nature" is misplaced. *See* Opposition at p. 10. *Quick* involved a male employee who experienced repeated instances of co-workers grabbing at and twisting his genitals. Plaintiff pleads nothing close to the type of conduct alleged in *Quick*, and thus cannot plausibly compare the two cases. In any event, the alleged threats of physical violence cannot be transformed into sex-based discrimination because none of the verbal remarks suggest that they were made because of the Plaintiff's sex.

complained of must be connected to her gender. For the reasons set forth above, Counts One and Six of the Complaint advancing claims of sexual harassment under CFEPA and Title VII should be dismissed.

> b. <u>Plaintiff's gender discrimination claims fail to allege disparate treatment or that the complained of conduct was in any way connected to her gender.</u>

Plaintiff ignores, and therefore does not oppose, Defendant's contention that she has not sufficiently alleged the existence of appropriate comparators to establish an inference of gender-based discrimination. Both the Complaint and the Opposition rely on vague and conclusory statements that "[o]ther similarly situated employees had discrepancies in their drawers and deposits and were not terminated." Doc. 1 at ¶¶ 32-33. However, Plaintiff failed to plead the gender of these comparators, their positions, or the "discrepancies" that purportedly occurred. Taking everything in the Complaint as true, as one is required to do on a motion to dismiss, it is just as likely that Plaintiff is pleading that a female co-worker was not terminated for "discrepancies" in her cash drawer, as opposed to a male co-worker, which would be inapposite to her claim of gender discrimination. Plaintiff cannot maintain a viable claim of disparate treatment when she is unable to allege that she, as a female, was treated differently than a male employee. *Aiello v. Stamford Hosp.*, 2011 WL 3439459, at *15 (D. Conn. Aug. 8, 2011) (to establish discrimination through disparate treatment, a plaintiff must show that "other similarly situated individuals were not disciplined or terminated when they engaged in similar conduct.").

Recognizing the lack of any factual support for her gender discrimination claim, Plaintiff attempts to bootstrap her gender discrimination claim to her hostile work environment claim. *See* Opposition at 19. However, an employer's alleged knowledge of potentially sexually harassing behavior by a non-employee does not equate to a finding of disparate treatment by Defendant employer towards Plaintiff on account of her gender. Such a leap of faith is not only illogical, but

would force the Court to ignore the fact that a hostile work environment claim is not the same as a disparate treatment claim. *See Bethea v. City of New York*, No. 11 CV 2347(SJ)(JMA), 2014 WL 2616897, at *6 (E.D.N.Y. June 12, 2014) (to state a separate gender discrimination claim, a plaintiff must plead "a separate and distinct *prima facie* case" alleging an adverse action beyond the creation of a hostile work environment.). Mr. Dixon was not employed by Defendant, and his conduct cannot be attributable to Defendant for purposes of a disparate treatment claim. *See Lewis v. Univ. of Conn., Health Center, Correctional Managed Health Care*, No. 3:11cv821 (VLB), 2011 WL 5245423, at *5 (Nov. 2, 2011) (dismissing a hostile work environment claim where plaintiff failed to plead that defendant exerted control over the nonemployee conduct or that the employer had "some other legal responsibility over the non-employee conduct."). Accordingly, her Title VII and CFEPA gender discrimination claims must be dismissed.

   c. <u>Plaintiff's retaliation claims lack a good faith basis, fail to allege when she reported the alleged harassment, and are impermissibly conclusory.</u>

Plaintiff's claim of retaliation is similarly couched in impermissibly conclusory language. Despite her low bar, Plaintiff completely fails to allege facts that would plausibly support a viable retaliation claim. Her claim boils down to two allegations: (1) that she allegedly reported harassment by a non-employee, and (2) that she was told she was terminated due to her cash drawer being short by $100. She does not allege any comments levied towards her by a supervisor, or any other instances of mistreatment or animus following her alleged reports. Instead, she pleads, in a conclusory fashion, that "[a]ny and all reasons to be proffered by the defendant to explain the termination decision would be a pretext to cover up unlawful discrimination and/or retaliation." *See* Doc. 1 at ¶ 34. This is simply not enough to survive a motion to dismiss.

Plaintiff fails to address, and thus concedes Defendant's contention that Plaintiff must have opposed a discriminatory employment practice of Defendant to make out a discrimination claim.

To establish "protected activity" under a Title VII claim, Plaintiff must have 'had a good faith, reasonable belief that [s]he was opposing an employment practice made unlawful by Title VII…." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006). While Plaintiff is correct that "magic words" are not required to report instances of harassment or discrimination, Plaintiff is required to demonstrate that she complained to Defendant about its own discriminatory employment practice. *See Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) ("The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual."); *Small v. New York City Dept. of Educ.*, 650 F.Supp.3d 89, 103 (S.D.N.Y. 2023) ("Because Small only complained about the discriminatory conduct of his student – a child, not his employer – Small could not reasonably believe that he was opposing an unlawful employment practice."). Here, Plaintiff is not alleging that she opposed a discriminatory employment practice of Defendant. Instead, she claims that she reported an allegedly discriminatory practice of *Mr. Dixon*, a non-employee. As in *Small*, her complaints of a non-employee's conduct cannot form the basis of her opposition to an unlawful employment practice. "A plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form." *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013). Plaintiff has therefore not plausibly alleged that she engaged in protected activity, or that she even reasonably believed that she engaged in protected activity.

With regards to Plaintiff's failure to establish causation, Plaintiff doubles down on the conclusory nature of her Complaint by arguing in her Opposition "facts" not even alleged in her Complaint. For instance, while the Complaint alleges that Plaintiff reported the conduct of Mr. Dixon, but not when, the Complaint does not allege that the conduct was reported multiple times,

7

as is now suggested in the Opposition. *See* Opposition at p. 22. Without pleading when the reports were made or to whom, Plaintiff fails to establish the necessary temporal proximity to advance a viable retaliation claim.

Finally, Plaintiff fails to connect her termination to her alleged report(s) of harassing conduct. There are no allegations of discriminatory conduct in between her alleged report of the harassment and her termination such that the Court could plausibly infer that Defendant held a retaliatory animus against Plaintiff for reporting the harassment. Her allegations are strictly conclusory, and do not meet the standards required to plead a plausible claim of retaliation.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss in its entirety.

**DEFENDANT**,
**APPLEGREEN CT TRAVEL PLAZAS, LLC**

/s/ Michael O'Malley
Michael O'Malley (CT31784)
michael.o'malley@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, Connecticut 06901-3284
Telephone:  203-969-3100
Facsimile:  203-969-3150

## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael O'Malley