## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THERESA COLLINS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.:  3:24 cv 01203 (AWT)** |
| | : | |
| **vs.** | : | |
| | : | |
| **APPLEGREEN CT TRAVEL** | : | |
| **PLAZAS, LLC,** | : | |
| | : | |
| **Defendant.** | : | **June 26, 2025** |

### PLAINTIFF'S NOTICE OF FILING AMENDED COMPLAINT

Plaintiff, by and through her attorney, James Sabatini, provides notice of the filing of her Amended Complainant pursuant to the Court's Order [doc. #25].  The Amended Complainant is attached hereto. The additional factual assertions are underlined in the Amended Complaint.

Respectfully Submitted,

By /s/ James V. Sabatini
James V. Sabatini, Esquire    CT 19899
Sabatini and Associates, LLC
One Market Square
Newington, CT  06111
Tel. No.:  860-667-0839
Fax No.:  860-667-0867
e-mail:  jsabatini@sabatinilaw.com
        sa@sabatinilaw.com

Attorney for Plaintiff

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ James V. Sabatini
James V. Sabatini

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA COLLINS, | : | |
| | : | |
| Plaintiff, | : | Case No.:  3:24 cv 01203 (AWT) |
| | : | |
| vs. | : | |
| | : | |
| APPLEGREEN CT TRAVEL | : | |
| PLAZAS, LLC, | : | |
| | : | |
| Defendant. | : | June 26, 2025 |

**Jury Trial Demanded**

## <u>AMENDED COMPLAINT</u>

Plaintiff, Theresa Collins, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## <u>PARTIES</u>

1.      At all times material, plaintiff, Theresa Collins, was and is a citizen of the State of Connecticut.

2.      At all times material, defendant, Applegreen CT Travel Plazas, LLC, was and is a Delaware limited liability company with a principal place of business located at 279 Cedarcrest Drive, Lexington, South Carolina 29072.

3.      Defendant employs fifteen (15) or more employees.

4.      At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      At all times material, defendant was an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.      At all times material, plaintiff was an employee within the meaning of

Connecticut's Fair Employment Practices Act.

7.    At all times material, defendant was an employer within the meaning of Connecticut's Fair Employment Practices Act.

## JURISDICTION AND VENUE

8.    The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

9.    This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

10.    This Court has supplemental jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

11.    Defendant operates a service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

12.    A Dunkin Donuts store operates at defendant's service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

13.    A Mobil Mart operates at defendant's service/travel plaza located at Route 395 Northbound Plainfield, Connecticut 06374.

14.    Defendant hired plaintiff on or about April 6, 2022.

15.    Plaintiff's job position was Associate. She worked for the defendant at the Dunkin Donuts at 395 Northbound Plainfield, Connecticut 06374

16.    Plaintiff was qualified for the job.

17.    Plaintiff is female.

18.    Plaintiff was subjected to a hostile work environment.

4

19.    For five (5) months, plaintiff was subjected to abuse and harassment on account of her gender.

20.    The harasser was David Dixon.

21.    David Dixon was the manager of the Mobil Mart.  The Dunkin Donuts was inside the same building as Mobil Mart.

22.    Dixon subjected plaintiff to the following abusive behavior: inappropriate touching; throwing of objects; calling her a f-cking scumbag; threatening to physically hurt her; telling a co-worker that he was going to wait by her car and beat her ass; loudly making rude and insulting comments.

23.    Plaintiff complained about the harassment.

24.    Plaintiff informed her manager of the harassment.

25.    Plaintiff informed her district manager of the harassment.

26.    Plaintiff notified the owner of Mobil Mart of the harassment.

27.    Plaintiff  notified the owner of the Plaza of the harassment.

28.    Nothing was done and the harassment continued.

29.    Defendant terminated plaintiff's employment on or about September 30, 2022.

30.    Defendant told plaintiff that she was terminated because her deposit was $100 short.

31.    Plaintiff 's drawer had never been short.

32.    Other similarly situated employees had discrepancies in their drawers and deposits and were not terminated.

33.    Another similarly situated employee was a repeated no call-no show and was not terminated.

34.    Any and all reasons to be proffered by the defendant to explain the termination decision would be a pretext to cover up unlawful discrimination and/or retaliation.

35.    On or about March 28, 2023, plaintiff filed a complaint against the defendant with the Equal Employment Opportunities Commission (EEOC).

36.    On or about March 28, 2023, plaintiff filed a complaint against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

37.    Plaintiff received a right to sue letter from the EEOC on or about May 3, 2024. (Exhibit 1).

38.    Plaintiff received a release of jurisdiction from the CHRO on or about April 19, 2024. (Exhibit 2).

39.    Plaintiff's first day on the job was April 6, 2022.  During her first day, Dixon came up behind the plaintiff and proceeded to tug on both of her ears.

40.    The tugging on the ears incident took place at the Dunkin front counter next to the swing door where the employees enter.

41.    Plaintiff told Dixon to never touch her again.

42.    From April 6, 2022 through September 30, 2022, Dixon threw objects at the plaintiff.

43.    Dixon threw pens, straws, bags of chips and pastries at the plaintiff.  Dixon threw these items directly at the plaintiff while she was on the clock working behind her Dunkin counter.

44.    Dixon threw an object at the plaintiff approximately 25-30 times.

45.    On one occasion, Dixon straightened out a coat hanger and threw it directly at plaintiff barely missing her.

46.    In May 2022, Dixon called plaintiff a "f-cking scumbag."  Dixon called plaintiff a "f-cking scumbag" while plaintiff was working behind her Dunkin counter and waiting on a customer.  The customer, Kathy Morin, witnessed the incident and was appalled by Dixon's behavior.

47.    Morin provided plaintiff with her contact information as she was concerned about plaintiff's safety.

48.    From April 6, 2022 through September 30, 2022, Dixon made loud, rude, insulting and abusive remarks to the plaintiff (about 25 to 30 times).  He did so while standing against the wall directly across from the Dunkin counter while plaintiff was waiting on customers.

49.    Dixon would make remarks including:

a.    "and she plays sports … being this slow … really?"

b.    "a five year old could do a better job"

c.    "need help … want me to me to go back there and show you how a man gets the job done."

50.    Dixon would walk up to the Dunkin counter, take the tip jar and comment: "you don't deserve half the tips in here."

51.    Approximately two (2) weeks after plaintiff began working for the defendant, the defendant's district manager, Jennifer Dadio visited the service/travel plaza.

52.    During her visit to the plaza, Dadio witnessed the harassment first hand.  Specifically, Dadio witnessed Dixon throwing an object at the Plaintiff.

53.    Plaintiff told Dadio that Dixon had touched her ears, was throwing objects at her and making comments about how allegedly slow she was with customers.

54.    Plaintiff asked Dadio what could be done about Dixon's abusive behavior.

55.    Dadio told plaintiff - "just ignore him … he will get bored with it and stop."

56.    Following Dadio's visit, Dixon's harassment did not stop.

57.    Plaintiff asked defendant's manager Kaylee Chubka how she could contact "upper" management so that she could report Dixon's harassment.

58.    Chubka was plaintiff's store manager and was employed by the defendant.

59.    Chubka witnessed Dixon's harassment of the plaintiff.  She witnessed Dixon throwing objects at plaintiff.

60.    Plaintiff reported to Chubka that Dixon was making harassing remarks including:

a.    "and she plays sports … being this slow … really?"

b.    "a five year old could do a better job"

c.    "need help … want me to me to go back there and show you how a man gets the job done."

61.    Chubka told plaintiff to go get a restraining order against Dixon.

62.    Chubka never provided the plaintiff with the contact information for upper management.

63.    Plaintiff called defendant's corporate phone number to report Dixon's harassment but the defendant did not respond to her calls.  Plaintiff called three to four times between June and August 2022.

64.    Plaintiff spoke to Dixon's employer at the end of August 2022 and told the owner of the Mobil Mart that Dixon had been throwing objects at her and that he had been making offensive and inappropriate remarks towards her.  The owner of the Mobil Mart told plaintiff that he would check the security cameras and follow up with her.  He never followed up with the

plaintiff.

65.    Other Associates, Emily(do not recall last name), Brad (do not recall last name), Austin Keanan, Dakota Lajeunese, Katherine (do not recall last name), Jordan Gonyer, employed by the defendant and who did the same job as the plaintiff, had discrepancies in their cash drawer.

66.    To plaintiff's knowledge, the other Associates who had discrepancies in their cash drawer were not terminated.

67.    To plaintiff's knowledge, the other Associates had not complained to management about discrimination or harassment.

68.    Other Associates (Emily, Brooke and Catherine)(do not recall last names), employed by the defendant, who did the same job as the Plaintiff, had no calls-now shows.

69.    To plaintiff's knowledge, the Associates were not terminated for no calls-no shows.

70.    To plaintiff's knowledge, the Associates had not complained to management about discrimination or harassment.

71.    The plaza where plaintiff worked is one large open space.  There are no walls separating the Dunkin Donuts store from the rest of the building.  It was an open floor plan allowing Dixon to freely access the Dunkin Donuts station.

72.    Collen Rivera was employed by the defendant as an assistant manager. She worked at the same Dunkin Donuts location as the plaintiff.

73.    Rivera informed plaintiff that Dixon had threatened to physically hurt her. Rivera told plaintiff that Dixon stated that plaintiff should watch her back because one day he would be waiting at her car when her shift was over.

74.     <u>Dixon made this threat after learning that the plaintiff had been attempting to get</u>

<u>help with stopping his abusive behavior.</u>

**<u>FIRST COUNT</u> – Sex Harassment in Violation of Title VII of the Civil Rights
                    Act of 1964, 42 U.S.C. Section 2000e et sq.**

1.     Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

75.     The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sex harassment within the meaning of Title VII of the Civil Rights Act of 1964.

76.     Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

77.     The harassment was motivated, at least in part, on account of plaintiff's gender.

78.     The sex harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

79.     As a result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

**<u>SECOND COUNT</u> – Retaliation in Violation of Title VII**

1.     Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

80.     Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a.     In that defendant retaliated against the plaintiff for reporting and opposing sex harassment in the workplace;

81.     As a result of defendant's retaliation, plaintiff suffered damages including: loss of

income, loss of employment, wages and employee benefits, and harm to her professional reputation.

82.    As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

83.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**THIRD COUNT** – Gender Discrimination in Violation of Title VII

1.    Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

84.    Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a.    In that defendant discriminated against the plaintiff on account of her gender.

85.    As a result of defendant's discrimination, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

86.    As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

87.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**FOURTH COUNT** – Gender Discrimination in Violation of C.G.S. §46a-60(b)(1)

1.    Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

88.     Defendant, by and through its agents and/or employees, violated the CFEPA in one or more of the following ways:

a.      In that defendant discriminated against the plaintiff on the basis of her gender.

89.     As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

90.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

91.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's discriminatory acts.

**FIFTH COUNT** – Retaliation in Violation of C.G.S. §46a-60(b)(4)

1.      Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

92.     Defendant, by and through its agents and/or employees, violated the CFEPA when it retaliated against plaintiff for reporting sex harassment and discrimination.

93.     As a result of defendant's retaliation, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

94.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

95.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**<u>SIXTH COUNT</u> – Sex Harassment in Violation of CFEPA – C.G.S. Sec. 46a-60(b)(8)**

1.      Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

96.      The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sex harassment within the meaning of the CFEPA.

97.      Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

98.      The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

99.      As a result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; Title VII punitive damages; CFEPA punitive damages; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE:   June 26, 2025

/s/ James Sabatini
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/03/2024

**To:** Theresa Collins
76 Gorman Rd., Apt. #12
Brooklyn, CT 06234

Charge No: 16A-2023-00961

EEOC Representative and email:    MARIANNE MONTLER
Supervisory Investigator
Marianne.Montler@EEOC.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
05/03/2024

Yaw Gyebi, Jr.
District Director

Cc:

Applegreen USA Central Services, Inc.
c/o John Stretton
Ogletree, Deakins, Nash, Smoak & Stewart PC
Two Stamford Plaza, 281 Tresser Blvd., Ste 602
Stamford, CT 06901

James Sabatini,
Sabatini & Associates
One Market Square
Newington, CT 06111


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16A-2023-00961 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2023-00961 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT 2

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Theresa Collins**
**COMPLAINANT**

vs.

CHRO No. 2340327
EEOC No. 16A202300961

**Applegreen CT Travels Plazas, LLC.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE:  **April 19, 2024**                    Tanya A. Hughes, Executive Director

cc:
      Complainant's Attorney: James Sabatini, Esq.
                      Matthew Bertolino, Esq.
                      jsabatini@sabatinilaw.com
                      mbertolino@sabatinilaw.com

      Respondent's Atty.:   John Stretton, Esq.
                      Andres Jimenez-Franck, Esq.
                      John.stretton@ogletreedeakins.com
                      Andres.jimenez-franck@ogletreedeakins.com