## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **THERESA COLLINS,** | : | |
| | : | **Case No. 3:24-cv-01203-AWT** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **APPLEGREEN CT TRAVEL PLAZAS,** | : | |
| **LLC,** | : | |
| | : | |
| **Defendant.** | : | **July 21, 2025** |

### APPLEGREEN CT TRAVEL PLAZAS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Applegreen CT Travel Plazas, LLC ("Applegreen" or "Defendant"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Theresa Collins's ("Plaintiff") Amended Complaint. [Dkt. No. 26].

### PRELIMINARY STATEMENT

This is a civil action arising out of Plaintiff's employment with Applegreen, which lasted just over five (5) months. Plaintiff asserts claims of sex harassment, in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq.* ("Title VII") and *Conn. Gen. Stat.* 46a-60(b)(8), retaliation in violation of Title VII and *Conn. Gen. Stat.* §46a-60(b)(4), and gender (female) discrimination in violation of Title VII and *Conn. Gen. Stat.* § 46a-60(b)(1). [Dkt. No. 26.]

The allegations of the Complaint do not concern conduct by an employee of Applegreen, but of a non-employee whose employer happened to share the same property as Applegreen. Moreover, this non-employee's alleged conduct amounts to nothing more than rude behavior, entirely unrelated to her protected class (female), and certainly not arising to the level of severity or pervasiveness necessary to establish a viable claim of a hostile work environment. Nor does

Plaintiff assert factual allegations that plausibly connects the non-employees' alleged conduct with her gender. In addition, Plaintiff fails to connect the non-employee's conduct, and her alleged reporting thereof, to her termination from Applegreen so as to sufficiently raise a claim of retaliation. To the contrary, Plaintiff admits that she was informed that she was terminated due to her cash register being $100 short, which is a legitimate non-discriminatory and non-retaliatory reason for termination. Finally, while the Amended Complaint now identifies comparators, the comparators identified are comprised of both male and female coworkers, thereby demonstrating the lack of any factual or evidentiary support for gender discrimination claim.

Even taking all of Plaintiff's allegations as true, Plaintiff fails to state a claim upon which relief can be granted with respect to all six (6) counts in her Complaint. As such, the Complaint should be dismissed in its entirety.

## **FACTUAL ALLEGATIONS**

Plaintiff, a female, alleges that she began her employment with Applegreen as an Associate for its Dunkin' Donuts store on April 6, 2022. [Dkt. No. 26 at ¶¶ 14-15]. She states that Applegreen operates a service/travel plaza located at Route 395 Northbound in Plainfield, Connecticut, and that both a Dunkin' Donuts and Mobil Mart are located at the service/travel plaza. *See id.* at ¶¶ 11-13. Applegreen operates the Dunkin' Donuts. It does not own the service plaza. Per Plaintiff, the interior of the service/travel plaza is an open floor plan, with no walls separating the Dunkin' Donuts from the rest of the building. *See id.* at ¶ 71.

Plaintiff alleges that David Dixon, the manager of the Mobil Mart, began bothering her on the first date of her employment, April 6, 2022. *See id.* at ¶ 39. She claims that throughout her employment with Applegreen, he engaged in the following behavior: "inappropriate touching; throwing of objects; calling her a f-cking scumbag; threatening to physically hurt her; telling a co-

worker that he was going to wait by a car and beat her ass; loudly making rude and insulting comments." *Id.* at ¶ 22. She further alleges that Mr. Dixon threw objects, including pens, chips, pastries, and a straightened-out coat hanger at her between 25-30 times, actions to which there is no reasonable basis to conclude were because of her gender. *See id.* at ¶¶ 43-44. Again, Mr. Dixon is an employee of Mobil Mart; he is not an employee of Applegreen. Despite asking him to stop, Plaintiff claims that Mr. Dixon continued to bother her. *See id.* at ¶ 41-42.

The comments identified in the Amended Complaint can only be described as rude or unkind, as opposed to premised upon her gender. Specifically, Plaintiff alleges that Mr. Dixon made comments such as:

1.  "and she plays sports … being this slow … really?"

2.  "a five year old could do a better job"

3.  "need help … want me to me [sic] to go back there and show you how a man gets the job done."

*Id.* at ¶ 49.

Plaintiff claims that she informed her manager, her district manager, the owner of the Mobil Mart, and the owner of the service/travel plaza of Mr. Dixon's behavior. *Id.* at ¶¶ 24-27. She further alleges that Applegreen store manager Kaylee Chubka and district manager Jennifer Dadio witnessed Mr. Dixon's behavior towards Plaintiff. *See id.* at ¶¶ 54-59. Ms. Dadio allegedly witnessed the behavior in the first two weeks of Plaintiff's employment. *See id.* at ¶¶ 51-52. She claims that Ms. Chubka advised her to obtain a restraining order against Mr. Dixon. *See id.* at ¶ 61.

Plaintiff alleges that she attempted to call Applegreen's corporate number three to four times between June and August 2022 to report Mr. Dixon's behavior, but did not receive a response. She further claims that Colleen Rivera, an assistant manager, warned Plaintiff that Mr. Dixon stated

that Plaintiff should "watch her back," and that he would wait for her by her car, after Plaintiff allegedly reported his behavior. *See id.* at ¶¶ 73-74.

Tacitly acknowledging that Mr. Dixon was not an Applegreen employee and thus not subject to Applegreen's policies or control, Plaintiff reported Mr. Dixon's behavior to his employer, as well as the owner of the Mobil Mart. *See id.* at ¶ 64. She claims that the owner of the Mobil Mart advised that he would check the security camera footage, but that he never followed up with her. *See id.*

Without a plausible connection to her claims of gender discrimination or retaliation, Plaintiff alleges that she was terminated on or about September 30, 2022 after it was determined that the drawer of her cash register was short by $100. *Id.* at ¶¶ 29-30. She claims that her drawer had never been short. *See id.* at ¶ 31. She makes the unsupported conclusion that her termination for her drawer being short was a pretext for gender discrimination and reporting Mr. Dixon's harassment in June through August. *See id.* at ¶ 34.

Plaintiff alleges that other employees had similar discrepancies in their cash register but were not terminated. *See id.* at ¶¶ 65-67. Notably, a number of the alleged comparators are female, thereby demonstrating the lack of any factual or evidentiary support for her theory of gender discrimination. *See id.* at ¶ 65. Plaintiff also makes the odd allegation that other employees were not disciplined for being a "no-call no-show." Plaintiff is not claiming that she was ever disciplined for being a "no-call no-show" or that she was terminated for engaging in this type of conduct. Moreover, the identified comparators suffer from the same flaws as the ones identified as having short cash drawers, as three of the comparators are female.

4

## LEGAL STANDARD ON MOTION TO DISMISS

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must offer more than "labels and conclusions." *Twombly*, 550 U.S. at 555-57.

## LAW AND ARGUMENT

I.    **Counts One and Six alleging sex harassment in violation of Title VII and CFEPA should be dismissed for failure to state a claim.**

   a.    *The Amended Complaint Merely Alleges Rude and Unkind Conduct Insufficient to Raise a Plausible Claim of Sexual Harassment.*

To establish a hostile work environment claim under Title VII and CFEPA[1], plaintiffs must aver sufficient factual allegations to demonstrate: "1) they were subject to harassment because of their membership in a protected class; 2) the harassment was so severe or pervasive as to alter the conditions of their employment; and 3) there is a specific basis for imputing the harassment to the defendant." *Gress v. DeJoy*, 2024 WL 1072730, at *4 (D. Conn. Mar. 12, 2024) (quoting *Deprey v. FedEx Freight, Inc.*, 3:18-cv-102(MPS), 2020 WL 1702335, at *5 (D. Conn. April. 8, 2020.) At the pleadings stage, Plaintiff must "plead facts sufficient to support the conclusion that she was

---

[1] Title VII and CFEPA hostile work environment claims are analyzed in the same manner. *See Martin v. Town of Westport*, 558 F. Supp. 2d 228, 242 (D. Conn. 2008) ("As with CFEPA discrimination claims, Connecticut courts look to federal guidance when analyzing CFEPA hostile work environment claims.").

faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse, and that she subjectively perceived the environment to be hostile." *Id.* (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)).

"The *sine qua non* of a gender-based discriminatory action claim under Title VII is that the discrimination must be because of sex." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs *because* of an employee's sex, or other characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis added); *Brennan v. Metro Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."). Moreover, it is insufficient to simply allege that Plaintiff is female, that Mr. Dixon is male, and that his behavior is therefore motivated by gender. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d. 396, 410 (S.D.N.Y.) ("Henry's mere subjective belief that she was discriminated against because of her gender does not sustain a gender discrimination claim.") (internal quotations omitted). The Amended Complaint "alleges no facts rendering plausible the allegation that [Mr. Dixon's] comments, however insensitive, were *about gender*." *Id.* Although "magic words" are not required to plead a sexual harassment, the failure to plead anything other than facially gender-neutral comments and actions renders the Plaintiff's Amended Complaint defective.

Behavior that is "harsh, unjust, and rude" does not rise to the level of a hostile work environment where there is no indication that such behavior is linked or correlated to the claimed ground of discrimination. *See Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002). "As the Second Circuit has noted, federal law does not guarantee a utopian workplace, or even a pleasant one.

Indeed, Title VII is not a civility code." *Mills v. Southern Conn. State. Univ.*, 2011 WL 3490027, at *12 (D. Conn. Aug. 10, 2011) (internal quotations omitted) (citing *McGallum v. Cedar Graphic, Inc.*, 609 F.3d 70 (2d Cir. 2010).

Even under a "totality of the circumstances" viewpoint, Plaintiff's claims of sex harassment fail. "Facially neutral incident may [also] be included … among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, *based on sex*." *Alfano*, 294 F.3d at 378 (emphasis added). "But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." *Id.* Plaintiff alleges no other circumstantial or other basis upon which to infer that these sex-neutral comments and actions were discriminatory. None of the conduct allegedly engaged in by Mr. Dixon is overtly sexual in nature.

> b.      *Plaintiff fails to Plead that Applegreen was Negligent in Preventing Mr. Dixon's Alleged Conduct.*

It bears repeating that that conduct alleged was perpetrated by a non-employee. "Where the alleged harassers in a hostile work environment claim are non-employees, an employer will be held liable only for its own negligence, and the plaintiff must demonstrate that the employer failed to provide a reasonable avenue for the complaint or that it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." *Ball v. Marriot International, Inc.*, 627 F.Supp.3d 296, 317-18 (S.D.N.Y. 2022) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013). "In determining the appropriateness of an employer's response, we look to whether the response was immediate or timely and appropriate in light of the circumstances, particularly the level of control and legal responsibility the employer has with respect to" the non-employee's behavior. *Summa*, 708 F.3d at 124. The Second Circuit has interpreted its decision in *Summa* to provide that "the conduct of certain non-employees may

be imputed to the employer where (1) the employer exercises a high degree of control over the behavior of the non-employee, and (2) the employer's own negligence permits or facilitates that non-employee's discrimination." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 39 (2d Cir. 2019) (internal quotations omitted).

Plaintiff does not allege that Applegreen was negligent in its handling of her report, nor could it be given the gender-neutral type conduct alleged. She merely pleads that "nothing was done." *Id.* at ¶ 28. She does not plausibly allege that Applegreen "did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed" so as to show Applegreen's negligence. *Vance v. Ball State Univ.*, 570 U.S. 421, 449 (2013). In the absence of such allegations, Plaintiff's Amended Complaint is fatally deficient.

Underscoring Plaintiff's pleading deficiencies is her tacit admission that Applegreen had no control over the conduct of Mr. Dixon. Specifically, Plaintiff alleges that she notified Mr. Dixon's employer and the owner of the Mobil Mart, both of whom are unaffiliated with Applegreen. *See* [Dkt. No. 26 at ¶ 64]. Such notification is evidence that Plaintiff understood that Mr. Dixon's employer and the owner of the Mobil Mart -- not Applegreen -- had control over his behavior in the workplace. Applegreen cannot and should not be brought into this lawsuit simply because Mr. Dixon's employer and the Mobil Mart owner did not follow up on her complaints. *See id.* at ¶ 64. Accordingly, vicarious liability should not attach to Applegreen.

Plaintiff cannot make out a claim of sexual harassment under CFEPA or Title VII. Accordingly, Counts One and Six of the Complaint should be dismissed.

## II.    Plaintiff Cannot Plausibly Tie Her Termination to Gender Discrimination.

Counts Three and Four of the Complaint allege that Applegreen discriminated against Plaintiff on the basis of her gender, in violation of CFEPA and Title VII. In order to state a claim of gender discrimination under Title VII or CFEPA, a plaintiff must plausibly allege that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) her employer took adverse action against her; and (4) her sex was a motivating factor in the employment decision.[2] *See Rajsekhar v. Envtl. Data Res., Inc.*, No. 3:20-cv-00576 (VAB), 2020 WL 6828944, at *5 (D. Conn. July 27, 2020). "At the pleadings stage, a plaintiff must allege sufficient facts that directly show discrimination or indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* (internal quotations omitted). "To fall under the ambits of Title VII and CFEPA, therefore, the offending conduct must have occurred because of [plaintiff's protected class]." *Sawka v. ADP, Inc.*, No 3:13-cv-754 (VAB), 2015 WL 5708571, at *10 (D. Conn. Sept. 29, 2015).

### a.   *Plaintiff Fails to Connect Her Termination to a Discriminatory Motive.*

Plaintiff's Counts Three and Four fail to establish the elements required to state a claim of disparate treatment, as Plaintiff fails to allege factual allegations that directly evidence discrimination or are capable of establishing a plausible inference of discrimination based on her gender.

Plaintiff alleges that she was terminated on September 30, 2022 because her cash drawer deposit was $100 short. [Dkt. No. 26 at ¶ 30]. Plaintiff tellingly does not allege that any Applegreen employee directed gender-disparaging comments toward her, or that Applegreen engaged in a pattern or practice of treating male employees more favorably. Her connection between Mr.

---

[2] "CFEPA claims are analyzed in the same manner as Title VII employment discrimination claims." *Vasquez v. Claire's Accessories, Inc.*, 392 F. Supp.2d 342, 349 (D. Conn. 2005).

Dixon's conduct and her termination is non-existent and fails to suggest Defendant's decision to terminate Plaintiff was motivated by discriminatory animus. At most, she makes the unsupported conclusory statement that "[a]ny and all reasons to be proffered by the defendant to explain the termination would be a pretext to cover up unlawful discrimination and/or retaliation." [Dkt. No. 26 at ¶ 34]. This statement does not equate with the factual allegations, and is improperly conclusory.

Although Plaintiff may believe that it was unfair to be terminated due to her cash register being short $100, she does not allege any facts to suggest that Applegreen's justification for terminating her was a pretext, or that Applegreen was in fact motivated by discriminatory animus. *See McLean v. WE Transport*, No. 3:22-cv-00437(SRU), 2023 WL 5177912, at *4 (D. Conn. Aug. 10, 2023) (granting motion to dismiss complaint when plaintiff failed to connect his termination to any discriminatory motive). Her sole defense to her termination is that her cash drawer was never short. *See* [Dkt. No. 26]. Even accepting this allegation as true, such a disagreement is not in and of itself discriminatory. There must be more to permit an inference of discrimination. Plaintiff's allegation of discrimination is nothing more than speculation and cannot form the basis of her gender discrimination claim. *See Kerim-Seidou v. Hosp. of St. Raphael*, 2012 WL 6628886, at *5 (D. Conn. Dec. 19, 2012) ("Plaintiff must point to more than his subjective belief he was discriminated against, and an inference of discrimination cannot be drawn from thin air.").

    b. *The Alleged "Comparators" Do Not Raise an Inference of Discrimination Sufficient to Survive A Motion To Dismiss.*

"Where a plaintiff tries to establish a prima facie case by pointing to more favorable treatment of other employees, as is the case here, those employees must have situations sufficiently similar to [the] plaintiff's to support at least a minimal inference that the difference of treatment

may be attributable to discrimination." *McLean*, No. 3:23-cv-00437 (SRU), 2023 WL 5177912, at

*4 (D. Conn. Aug. 10, 2023).

Plaintiff alleges that other employees – Emily (last name unknown), Brad (last name

unknown), Austin Keanan, Dakota Lajeunese, Katherine (last name unknown), and Jordan Gonyer

had previously experienced similar discrepancies in their cash drawer, but were not terminated.

*See* [Dkt. Entry No. 26] at ¶ 65-66. While the Amended Complaint seeks to cure the prior

deficiency of not having identified Plaintiff's purported comparators, taking the allegations as true,

it establishes that Applegreen *did not* treat female employees less favorably than male employees.

Three of the employees alleged not to have been terminated for purported cash drawer

discrepancies are female. *See id.* at ¶ 65. An inference of discrimination under these allegations,

therefore, cannot lie. *See Toussaint v. N.Y. Dialysis Servs., Inc.*, 230 F. Supp. 3d 198, 212-13

(S.D.N.Y. 2017) collecting cases, *aff'd*, 706 F. App'x 44 (2d Cir. 2017) (summary order); *see also*

*Alcy v. Northwell Health, Inc.*, No. 7:23-CV-00088 (KMK), 2025 WL 835647, at *8 (S.D.N.Y.

Mar. 14, 2025) ("[C]ourts in the Second Circuit regularly hold that the existence of similarly

situated comparators in a plaintiff's protected group undermines an inference of discrimination on

the basis of the protected characteristic, even when there are other comparators outside of

plaintiff's protected group.").

Without explaining how it is relevant to her termination due to a short cash drawer, Plaintiff

attempts to cite three female employees as comparators who were not terminated for being a "no-

call no-show." *Id.* at ¶ 68. A comparator must be similarly situated in all material respects. *See*

*Stinnett v. Delta Airlines, Inc.* 803 F.3d Appx. 505 (2d Cir. 2020) ("A plaintiff relying on

comparator evidence to allege gender discrimination under Title VII … must plead that she was

similarly situated *in all material respects* to the individuals with whom she seeks to compare

herself.") (emphasis added); *Aiello v. Stamford Hosp.* 2011 WL 3439459, at *15 (D. Conn. Aug. 8, 2011) (To establish discrimination through disparate treatment, a plaintiff must show that "other similarly situated individuals were not disciplined or terminated when they engaged in similar conduct."). The misconduct engaged in by Plaintiff (i.e., a short cash drawer) is not similar in any material respect to being a "no-call no-show." There is no basis to compare Plaintiff with these employees, as they did not engage in sufficiently similar conduct that could potentially raise an inference of discrimination.

Notwithstanding the fact that the conduct is not sufficiently similar, Plaintiff's citation to these "no-call no-show" employees is rendered meaningless by the fact that these three associates – Emily, Brooke, and Catherine – are female employees. By claiming that three female employees were not terminated for engaging in misconduct, Plaintiff cuts her claim of gender discrimination off at the knees. *See Alcy*, 2025 WL 835647, at *8. It would be illogical to conclude that Applegreen was motivated to terminate Plaintiff because of her gender while choosing to retain other female employees despite failing to appear for work with advanced notice.

### III.    Plaintiff Does Not Sufficiently Plead Claims of Retaliation.

Plaintiff's retaliation claims likewise fail. To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that: "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

In order to be deemed a protected activity, Plaintiff must hold a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *See Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). The

reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances. *See id.* at 14-15. But "[a] plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form." *Id.* at 15. Plaintiff does not allege a good faith, reasonable belief here, and she makes no allegations that she opposed a discriminatory *employment practice* of the Defendant. Plaintiff allegedly reported conduct of a non-employee, David Dixon, which does not constitute protected activity for purposes of a Title VII retaliation claim. *See Small v. New York City Department of Education*, 650 F.Supp.3d 89, 103 (S.D.N.Y. 2023) ("Because Small only complained about the discriminatory conduct of his student – a child, not his employer – Small could not reasonably believe that he was opposing an unlawful *employment practice*."); *Melendez v. County of Westchester*, 17-cv-9637 (NSR), 2021 WL 467085, at *10 (S.D.N.Y. Feb. 8, 2021) ("It follows that a complaint that a non-employee discriminated against a plaintiff is similarly not a complaint about an employment practice unless the plaintiff provides some evidence to impute the discrimination by the non-employee to the employer. In other words, to fall within Title VII's protection, an employee's opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual.") (internal quotations omitted).  Moreover, there is no good faith or reasonable basis to conclude that this rude conduct violated Title VII, as the conduct is gender-neutral on its face. Again, there is nothing in the Amended Complaint to suggest that any of the conduct was done because of her status as a female. She therefore cannot satisfy the first prong of her *prima facie* case, despite the minimal pleading requirements necessary to survive a motion to dismiss.

With respect to causation, "a plaintiff must plausibly plead a connection between the [adverse] act and his engagement in protected activity." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). The plaintiff must plausibly allege that the retaliation was the "but-

for" cause of the employer's adverse employment action, and not just a substantial or motivating factor in the decision. *See Baluch v. 300 West 22 Realty, LLC*, 2023 WL 112547, at *6 (S.D.N.Y. Jan. 5, 2023).

"It is true that where a plaintiff relies exclusively on timing to plead causation, the temporal proximity between the protected activity and adverse employment action must be very close." *Baluch*, 2023 WL 112547 at *7 (internal citations omitted) (quoting *Vale v. Great Neck Water Pollution Control Dist.*, 80 F.Supp.3d 426, 441 (E.D.N.Y. 2015). Indeed, district courts within the Second Circuit have held that "the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *Id.*

Here, Plaintiff fails to plead any connection between her alleged reporting of Mr. Dixon's conduct to Defendant and her termination. She simply alleges that following her report to Defendant, "nothing was done and the harassment continued." [Dkt. No. 1 at ¶ 28]. She does not allege that Defendant made any comments towards her that would suggest she would be treated differently for reporting Mr. Dixon's conduct, and states in a conclusory fashion that her termination must have been in retaliation for reporting Mr. Dixon. "A pleading that offers 'labels and conclusions' or a formulaic recitations of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 678. Plaintiff has not pled the existence of any direct or evidence that would suggest Defendant retaliated against her for reporting her alleged harassment.

Even under the most liberal construction of her Amended Complaint, Plaintiff has failed to sufficiently plead a claim for retaliation under either Title VII or CFEPA. Counts Two and Five of the Amended Complaint must therefore be dismissed.

## CONCLUSION

Plaintiff's Amended Complaint fails to cure the deficiencies present in her original Complaint. She does not and cannot plead viable claims of gender discrimination or retaliation under Title VII or CFEPA. Accordingly, Applegreen respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint in its entirety.

DEFENDANT,
APPLEGREEN CT TRAVEL
PLAZAS, LLC

By: */s/ John G. Stretton*
John G. Stretton, Esq.
Michael S. O'Malley, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
T: 203-969-3102
F: 203-969-3150
John.stretton@ogletree.com
Michael.o'malley@ogletree.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF systems were sent copies by regular U.S. mail on this 21st day of July 2025.

*/s/ Michael S. O'Malley*
Michael S. O'Malley