UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA COLLINS, | : | |
| | : | |
| Plaintiff, | : | Case No.:  3:24 cv 01203 (AWT) |
| | : | |
| vs. | : | |
| | : | |
| APPLEGREEN CT TRAVEL PLAZAS, LLC, | : | |
| | : | |
| Defendant. | : | July 24, 2025 |

**PARTIES' JOINT PROPOSED PLANNING MEMORANDUM**

Date Complaint Filed:                    07/16/2024
Date Complaint Served:                 07/18/2024
Date of Defendant's Appearance:   08/19/2024
Date Amended Complaint Filed:     06/26/2025

Pursuant to Federal Rule Civil Procedure 16(b), 26(f) and Local Civil Rule 16, a conference was held by the exchange of drafts commencing on July 21, 2025.  The participants were:  James Sabatini for Plaintiff; John G. Stretton and Michael S. O'Malley for Defendant.

I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   Jurisdiction

   A.   Subject Matter Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §1331.

B.   Personal Jurisdiction

Personal jurisdiction is not contested.

III.   Brief Description of Case

A.   Claims of Plaintiff

Plaintiff brings the following causes of action under the Title VII and CFEPA: (1) sex harassment; (2) retaliation; and (3) gender discrimination. Plaintiff claims legal and equitable relief.

B.   Defenses, Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:

Defendant denies any liability for the claims advanced by Plaintiff, and Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant adopts and incorporates the answers and defenses set forth in its to-be-filed Answer and Affirmative Defenses, should one be deemed necessary following the Court's decision on Defendant's Motion to Dismiss the Amended Complaint, and denies that it violated any law or that Plaintiff is entitled to any of the relief he seeks in this action.

IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the parties can only agree to any facts that Defendant will admit to in its to-be-filed Answer, should one be deemed necessary following the Court's decision on Defendant's Motion to Dismiss the Amended Complaint.

V.   Case Management Plan

A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:  See below.

      B.      <u>Scheduling Conference with the Court</u>

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

      C.      <u>Early Settlement Conference</u>

           1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not possible at this time. The Parties agree to readdress the usefulness of a settlement discovery after discovery has commenced.

      D.      <u>Joinder of Parties and Amendment of Pleadings</u>

           1.      Plaintiff does not require time to join additional parties. Plaintiff should be allowed to file any motion to amend the pleadings in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure and Rule 7(f) of the Local Rules of the United States District Court for the District of Connecticut.

           2.      Defendant does not require time to join additional parties. Defendant should be allowed to file any motion to amend the pleadings in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure and Rule 7(f) of the Local Rules of the United States District Court for the District of Connecticut.

      E.      <u>Discovery</u>

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding

the "needs of the case:"

    a.    Initial Disclosures will be served within 30 days following the Court's decision on Defendant's Motion to Dismiss the Amended Complaint.

    b.    The parties anticipate that discovery will be needed on the following subjects:

(1) the reason(s) for and circumstances surrounding the separation of Plaintiff's employment from Defendant; (2) Plaintiff's job performance, attendance and disciplinary history; (3) Plaintiff's damages, including claims for emotional distress; (4) any statements made by the parties or their agents pertaining to the matters set forth in Plaintiff's allegations and/or Defendant's defenses; (5) the alleged harassment claimed by Plaintiff and perpetrated by non-employee David Dixon (6) Plaintiff's mitigation of damages; (7) discovery into the conduct of the alleged comparators cited in the Amended Complaint; and (8) any documents the parties contend support their claims and/or defenses.

    c.    All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced immediately after the Court's ruling on Defendant's Motion to Dismiss the Amended Complaint, assuming Defendant's Motion to Dismiss is not granted in its entirety.

    d.    Discovery will be not conducted in phases.

    e.    All fact discovery shall be completed by February 1, 2026. All expert discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), shall be completed by June 1, 2026.

    f.    The parties anticipate that the Plaintiff will require a total of five (5) depositions of fact witnesses and that Defendant will require a total of five (5) depositions of fact witnesses. The

depositions will commence immediately after the Court's ruling on Defendant's Motion to Dismiss the Amended Complaint, assuming Defendant's Motion to Dismiss is not granted in its entirety, and be completed by June 1, 2026.

      g.      The parties do not anticipate serving more than 25 interrogatories.

      h.      Plaintiff may call expert witnesses. Plaintiff will designate trial experts and provide opposing counsel with reports from trial experts pursuant to Fed.R.Civ.P. 26(a) by March 1, 2026. All such experts will be deposed by June 1, 2026.

      i.      Defendant reserves the right to call expert witnesses at trial. Defendant will designate all trial experts and providing counsel with expert reports pursuant to Fed.R.Civ.P. 26(a)(2) by no later than March 1, 2026. All such experts will be deposed by June 1, 2026.

      j.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 1, 2025.

      k.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the appropriate steps to preserve electronically stored information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

            i.      Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, and non-responsive information;

        ii.        Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery requests;

        iii.        The parties agree that if the information can be produced without undue burden or expense, the producing party will bear the costs of assembling and producing the discoverable information in its possession. However, if a party responding to discovery believes that compliance with a discovery request will result in undue burden or expense, the producing party may seek a protective order denying such discovery or shifting the costs of compliance to the requesting party. In any event, the party claiming undue burden or expense will move for the protective order before incurring any expense it intends to shift to the other party.

        iv.        If a discovery request does not specify a form for producing ESI, the parties will produce in PDF format, or when documents or information is too voluminous for printing, on disk(s), or otherwise in accordance with Fed. R. Civ. P. 34(b)(2)(E)(ii), unless the parties have agreed otherwise. Neither party waives its right to request discovery in any other format or to object to such a request. The parties reserve the right to object to the production of metadata in response to unduly burdensome or unreasonable requests for metadata.

    l.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to follow Rule 26(b)(5) for asserting claims of privilege after production. The parties further agree that any inadvertent production of any document or thing shall be without prejudice to any claim that such document or thing is protected by the

attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any rights by inadvertent production. In the event any information that is privileged or subject work-product production is inadvertently or otherwise disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is discovered or asserted and further agrees to not duplicate that information and/or disclose it. The receiving party shall immediately take steps to ensure that all originals and known copies of such privileged materials are returned to the producing party. The receiving party may afterward contest the claim of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

   m. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and producing such information.  Counsel have not yet agreed upon the extent to which any electronic search and retrieval process may be required in this case.  Both parties have agreed to preserve all electronically stored information ("ESI") that may be relevant to this case, and counsel will have further discussions concerning discovery of such information.  ESI will be produced in a form reasonably readable by any party with Bates stamps.  ESI will not be produced with meta data.

  F. <u>Dispositive Motions:</u>

Dispositive motions, if any, will be filed on or before August 1, 2026 or forty-five (45) days following the close of discovery, whichever date is later.

  G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in civil

7

cases will be filed by August 15, 2026 if no dispositive motion is filed. If a dispositive motion is filed, the joint trial memorandum will be filed by sixty (60) days after a decision on that motion is filed.

VI.     <u>Trial Readiness</u>

This case will be ready for trial in October 2026 or sixty (60) days after the Court's ruling on any dispositive motion whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

BY:     */s/ James V. Sabatini*
         James V. Sabatini, Esq. (CT19899)
         SABATINI & ASSOCIATES, LLC
         1 Market Square
         Newington, CT 06111
         Tel.  (860) 667-0839
         Fax  (860) 667-0867
         Email: jsabatini@sabatinilaw.com

         ATTORNEY FOR PLAINTIFF

BY:     */s/ Michael S. O'Malley*
         John G. Stretton, Esq.
         Michael S. O'Malley, Esq.
         Ogletree, Deakins, Nash, Smoak,
         and Stewart, P.C.
         281 Tresser Boulevard, Suite 602
         Stamford, CT 06901
         Tel: (203) 969-3109
         Fax: (203) 969-3150
         John.stretton@ogletree.com
         Michael.o'malley@ogletree.com

         ATTORNEY FOR DEFENDANT

## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    */s/ Michael S. O'Malley*